THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

*****************************************************

| | | |
|---|---|---|
| Travis P. Hall, | ) | Case No. 1:09CV102 DS |
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| Wasatch Valley Pizza, | ) | |
| Defendant. | ) | |

*****************************************************

## ANALYSIS

Plaintiff Travis Hall, appearing *pro se* and proceeding *in forma pauperis*, filed this civil rights and employment discrimination action on July 23, 2009. He names Wasatch Valley Pizza (Pizza Hut), as Defendant. The case is now before the court for screening and review. Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. This section provides that when a litigant proceeds *in forma pauperis*, the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

While courts are to "interpret *pro se* complaints liberally," it is also true that "early evaluation of the potential merits of a *pro se* litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *Thomas v. Norris,* 2008 WL 859190, *2 (E.D.Tex. March 28, 2008).

The first precondition of filing a lawsuit alleging employment discrimination is the exhaustion of administrative remedies.  Mr. Hall made a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), secured from the EEOC a "right-to-sue" letter, and filed this lawsuit within the 90-day time limit.  Although at first blush, it appears that he has exhausted the administrative remedies, a closer inspection of the complaint, shows that all of the alleged discriminatory conduct actually occurred *after* he filed with the EEOC and received his "right-to-sue" letter.  So he has not, in fact, exhausted the administrative remedies.

Although there is a flexible pleading policy in the Federal Rules, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Contreras v. Moreno,* 2009 WL 129811 (E.D.Call).  This complaint fails to adequately do so.  The complaint is vague and confusing, to say the least.  Mr. Halls states that the discriminatory acts occurred on or about August 10, 2009 to the present.  However, he filed charges with the EEOC regarding the discriminatory conduct on or about January 5, 2009 and received his "Notice of Right to Sue" on April 26, 2009, months before the alleged discriminatory acts supposedly occurred.  He does state in Count I that he was attacked and hit on January 9, 2009, presumably in retaliation for filing the EEOC complaint, but it is unclear what discriminatory conduct that EEOC complaint charged. Therefore, Count I must be dismissed.

Mr. Hill alleges, in Count II of the complaint, that "Pear Sealer told me I needed to sleep with her if I wanted more hours."  However, he states that this conduct occurred in August of 2009, months *after* he received his "right-to-sue" letter from the EEOC.  Apparently Mr. Hill has not yet made a timely charge of discrimination with the EEOC regarding the August 2009 conduct, nor has he secured from the EEOC a "right-to-sue" letter for that conduct.  Since he has

not exhausted the administrative remedies, Count II must be dismissed. The court does give the plaintiff leave to amend his complaint to correct the deficiencies in it. The Court also provides Mr. Hall with the following legal standards to assist him in amending his complaint. He should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

Under 42 U.S.C. § 2000e-2(b), a prima facie case of discrimination requires that Plaintiff (1) show a significant disparate impact on a protected class, (2) identify specific employment practices or selection criteria, and (3) show the causal relationship between the identified practices and the impact.

To allege a hostile work environment based on gender, a plaintiff's prima facie case requires proof that (1) he was subjected to verbal or physical conduct because of his gender; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter conditions of his employment and create an abusive work environment. *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998).

Mr. Hall should also note that Title VII has an exhaustion requirement. A person seeking Title VII relief must first file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice. If the EEOC does not bring suit based on the charge, the EEOC will issue a right to sue letter, and the person then has 90 days to file a law suit.

## CONCLUSION

For the above reasons, it is hereby ordered that Plaintiff's complaint is dismissed without prejudice. Plaintiff is given leave to amend the complaint. Plaintiff should only amend those

claims that he believes, given the above standards, are cognizable. Plaintiff must submit an amended complaint within thirty (30) days. Failure to do so will result in a recommendation that this action be dismissed.

SO ORDERED.

DATED this 12th day of October, 2009.

BY THE COURT:

*[signature]*
DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT